# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 07CR2016-IEG |
|---|---|
| Plaintiff, | Order Denying Defendant's Motion for Severance [Doc. No. 160] |
| vs. | |
| PHILLIP JAMES BIDWELL, | |
| Defendant. | |

Defendant Phillip James Bidwell moves the Court for an order severing the charges against him pursuant to Fed. R. Crim. P. 14, and setting a prompt trial date as required by the Speedy Trial Act. Defendant argues that although this case is "complex" within the meaning of 18 U.S.C. §§ 3161(h)(8)(A) and (h)(8)(B)(ii) as to other defendants, the case against him is "amazingly non-complex." The government opposes the motion.

The court should grant a motion for severance under Rule 14 where it appears the defendant would be prejudiced by joinder of offenses or defendants for purposes of trial. <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 845-46 (9th Cir. 1994). Defendant argues because the case as to him is not complex, he would suffer prejudice if his trial is delayed. As a result, Defendant argues any delay in his trial would be unreasonable and not excludable under 18 U.S.C. § 3161(h)(7).

The Court finds Defendant is not entitled to a separate, earlier trial date. The law presumes individuals who are properly joined in an indictment should be tried together. The Speedy Trial

1 | Act does not alter that presumption. <u>United States v. King</u>, 483 F.3d 969, 974 (9th Cir. 2007). "It
2 | is well established that an exclusion from the speedy trial clock for one defendant applies to all co-
3 | defendants." <u>United States v. Messer</u>, 197 F.3d 330, 336 (9th Cir. 1999); 18 U.S.C. § 3161(h)(7).
4 | In addition, 18 U.S.C. §§ 3161(h)(8)(A) and (h)(8)(B)(ii) provide that trial delays resulting from
5 | prolonged pre-trial and trial preparations should be excluded from the speedy trial clock where
6 | such delays result from the complexity of the case "due to the number of defendants, the nature of
7 | the prosecution, or the existence of novel questions of fact or law."
8 |   The indictment in this case is 124 pages long, contains 313 counts, and alleges three
9 | additional forfeiture counts. The offenses charged include conspiracy to violate RICO and
10 | substantive RICO offenses; conspiracy to dispense and distribute controlled substances and
11 | dispensing and distributing controlled substances; conspiracy to commit wire fraud and mail fraud
12 | and substantive wire fraud and mail fraud; conspiracy to commit money laundering; and
13 | conspiracy to distribute and distribution of misbranded drugs.  Nine defendants remain to be tried.
14 | Most of the remaining defendants, including Defendant Bidwell, are charged with multiple counts
15 | involving each of these offenses. The charges raise complicated legal issues.  In addition, the
16 | evidence in the case is extraordinarily voluminous. The government has provided a Discovery
17 | Index including at least 53,391 documents, an additional 30 compact discs containing evidence in
18 | electronic format, and comprehensive sales records for each of the 300,000 or so drug sales made
19 | through Affpower enterprise's secondary servers. In addition, the government will provide
20 | additional discovery including transcripts of hundreds of consensually recorded conversations and
21 | e-mails obtained from a cooperating witness, as well as evidence from Affpower enterprise's
22 | primary server regarding approximately 800,000 drug sales.  Defendant has not shown the charges
23 | against him are legally or factually distinct, or that a joint trial would be prejudicial.
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Case 3:07-cr-02016-IEG   Document 183   Filed 01/03/08   PageID.884   Page 3 of 3

Therefore, the Court finds again that the case as to Defendant is legally and factually complex for purposes of excluding time under 18 U.S.C. §§ 3161(h)(8)(A) and (h)(8)(B)(ii). Defendant's motion for severance, and for the setting of a trial date, is DENIED.

**IT IS SO ORDERED**.

**DATED: January 3, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**