# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>DOLORES LOVIN (5); MARY ARONSON (6); CHANDRESH B. SHAH, M.D. (8); RICHARD EDWARD KOCH (11); PHILIP JAMES BIDWELL (12); JEFFREY A. LIGHT (14); TRACY O'NEAL TYLER (15); PETER P. BRAGANSA (16),<br><br>　　　　　　　　　　　　　Defendant. | CASE NO. 07cr2016-IEG<br><br>Order Denying Motion to Dismiss Based Upon Speedy Trial Act Violation [Doc. No. 816] |

　　　　Defendant Philip James Bidwell moves the Court to dismiss the indictment for violation of the Speedy Trial Act. All defendants have joined in the motion. The government has filed an opposition.

　　　　A hearing was held before Chief Judge Irma E. Gonzalez on December 11, 2009. Upon consideration of all counsel's arguments, the Court DENIES defendant's motion.

### *Procedural History*

　　　　The Court declared a mistrial in this case on July 10, 2009. At a status conference on July 15, 2009, the Court a new trial date of February 2, 2010. On September 17, 2009, defendants filed Rule 29 motions for acquittal based upon the evidence presented at the first trial. The Court ruled on these motions by written order filed on October 30, 2009. On November 6, 2009,

1  defendants filed new motions to dismiss and for discovery. Although the Court ruled upon some
2  of those motions at the time of the December 11, 2009 hearing, others remain open pending further
3  hearing.

### *Discussion*

5  Defendant argues the retrial is set to commence far beyond the 70-day time period set forth
6  in 18 U.S.C. § 3161(e). Defendant argues that even if the Court previously declared this case
7  "complex" within the meaning of § 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii), the lengthy
8  delay in commencing the retrial cannot be justified.[1] Thus, defendant Bidwell argues the
9  superseding indictment must be dismissed.

10  In opposition, the government argues: (1) much of the time since the July 10, 2009 mistrial
11  has been excludable from Speedy Trial Act time calculations due to the defendants' request for an
12  extended period of time in which to prepare and file Rule 29 motions, and (2) the Court properly
13  found, pursuant to 18 U.S.C. § 3161(h)(7)(B), that the complexity of the case made it impossible
14  to commence trial again within 70 days

15  *1. Excludable time*

16  The government argues the Speedy Trial Act clock was tolled time from July 15, 2009
17  through October 30, 2009, because counsel for Mr. Koch expressly requested an extended period
18  of time to prepare and file his Rule 29 motion for acquittal. Although 18 U.S.C. § 3161(h)(1)(D)
19  excludes only the time between the filing and prompt disposition of a pretrial motion, the Ninth
20  Circuit has held that a defendant's express request for an extended period of time in which to file
21  pretrial motions also triggers the pretrial motion preparation time exclusion. United States v.
22  Hoslett, 998 F.2d 648, 657 (9th Cir. 1993); United States v. Lewis, 980 F.2d 555, 564 (9th Cir.
23  1992).

---

[1] At the status hearing, counsel for the government, Mr. Weiss, indicated he would likely not be involved in any retrial. Thus, in his initial motion, defendant Bidwell argued the Court granted a continuance primarily for the purpose of allowing new government counsel to get up to speed. Defendant Bidwell argued the government's request was frivolous because Mr. Weiss remains involved in the case. Upon receipt and review of the transcript of the July 15, 2009 hearing, which revealed the continuance was based upon the Court's finding of complexity and defendant Koch's request for additional time to file Rule 29 motions, counsel for Bidwell filed a supplemental memorandum abandoning this argument.

A Rule 29 motion for acquittal, however, is not a pretrial motion.  As a result, the Ninth Circuit has held that time for preparation and filing of such motions is *not* excludable when calculating the period for retrial.  <u>United States v. Symington</u>, 195 F.3d 1080, 1092 (9th Cir. 1999) (district court erred in excluding from Speedy Trial Act calculation the entire period of time, from when defendant requested an extension of time to file his post-trial motion for acquittal until the court ruled upon such motion); <u>United States v. Tertrou</u>, 742 F.2d 538, 539 (9th Cir. 1984) (because motion for acquittal is a post-trial motion, only the period during which such motion is under advisement is excluded).  Therefore, the delay in setting the retrial of defendants cannot be justified by the time for preparation and filing of the motions for acquittal under Rule 29.

### *2.  Complexity of the case*

Nonetheless, at the time of the July 15, 2009 hearing, the Court made a finding on the record that the case is complex, justifying setting the retrial beyond the 70-day period required by law.  Pursuant to § 3161(h)(7)(B), the Court should consider the following factors in determining whether the ends of justice warrant delay:

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section....
>
> * * *
>
> (iv) Whether the failure to grant such a continuance in a case which, ... would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

At the July 15, 2009 hearing, the Court noted its experience in handling the case over the prior six months, and found the case is complex based upon the number of issues, the volume of evidence, the complex pretrial motions, and the number of defendants.  [Transcript of 7/15/09, Doc. 838, pp. 14-15.]  Because this is a complex case, it was unreasonable to expect the defendants to be prepared to try the case again within the 70-day time period set forth in 18 U.S.C. § 3161(e).

///
///
///
///

## *Conclusion*

For the reasons set forth herein, defendant Bidwell's motion to dismiss on Speedy Trial Act grounds is DENIED.

**IT IS SO ORDERED**.

**DATED:  December 21, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**